[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Two juveniles, N. and B., allegedly caused a fire which resulted in damage to D.F. Bedient Company's (DF) property. At the time of the fire, American Hardware Insurance Group (AHIG) was the property insurance carrier for DF. As a result, AHIG has paid approximately $300,000 to its insured, DF, for the fire damage. Additionally, AHIG has filed a civil action in federal court against the juveniles and, alleging to be a victim,[1]
has also filed a motion for release of both juveniles' records.
ISSUES
The issues presented are: (1) to what extent may the court release juvenile records to the victim of a delinquent act pursuant to General Statutes § 46b-124 (e); and (2) whether records released pursuant to General Statutes § 46b-124 (e) may be used in a civil action for damages.
DISCUSSION
General Statutes § 46b-124 (e) provides, in pertinent part, that "[t]he record of the case of a juvenile matter involving proceedings concerning a delinquent child, or any part thereof, shall be available to the victim of the crime committed CT Page 4467 by such child to the same extent as the record of the case of a defendant in a criminal proceeding in the regular criminal docket of the Superior Court is available to a victim of the crime committed by such defendant. . . . Records disclosed pursuant to this subsection shall not be further disclosed."[2] All delinquency records are confidential, and unless an exception to this rule of confidentiality exists, or the court determines that disclosure is in the child's best interest, the records may not be disclosed. See Practice Book § 35-5(b), ("All records maintained in juvenile matters brought before the court, either current or closed, including transcripts of hearings, shall be kept confidential'). See also P.B. Section 35-5(c), (`No material contained in the court record, including the predispositional study, medical or clinical reports, school reports, police reports and the reports of social agencies, may be copied or otherwise reproduced in written form in whole or in part be the parties or their counsel without the express consent of the court').
I. Release of Juvenile Records to Victim of Delinquent Act
Given that the victim of a crime committed by a juvenile is limited to the information available to a victim of a crime committed by an adult, it is necessary to determine what information is available to the latter. General Statutes § 51 286e(b) is the only statute addressing the issue. In pertinent part, General Statutes § 51-286e(b) provides that "[t]he state's attorney . . . shall notify any victim of the offense . . . of any judicial proceedings relating to his case including (1) the arrest of the defendant, (2) the arraignment of the defendant, (3) the release of the defendant pending judicial proceedings, and (4) proceedings in the prosecution of the defendant, including entry of a plea of guilty, trial and sentencing." It appears from the legislative history that the legislature was referring to this statute when it enacted General Statutes § 46b-124 (e). See, e.g., 38 H.R. Proc., Pt. 16, 1995 Sess., p. 2939, remarks of Rep. Lawlor (stating that "[w]e have provided specifically in this bill that victims who are — which is a concept specifically defined already in our law, victims would have the same rights in the juvenile court as they do in the adult court"). More explicitly, the Connecticut Constitution provides that "[i]n all criminal prosecutions, a victim . . . shall have the following rights: . . . the right to information about the arrest, conviction, sentence, imprisonment and release of the accused." Conn. Const., amend. XXIX. As such, CT Page 4468 a victim in adult court has a right to be notified of and receive information regarding the procedural posture of the case.
In an adult criminal case, the victim has access to the "record"[3] of the case on file with the clerk of court's office. This file is a public record and, therefore, any person can make copies of its contents. Traditionally, in the juvenile court, the file of a delinquency case was held to be confidential and not a public record. Thus, neither the victim nor the public had access to the contents of the record on file with the juvenile court. With General Statutes § 46b-124 (e), however, the victim now has the same rights of access to the court file in juvenile court as a victim has in adult criminal court. Therefore, the victim in a juvenile delinquency case has access to the record on file with the clerk of court and may make copies of its contents.[4]
General Statutes § 46b-124 (e) employs the phrase "record of the case, "not "the prosecutor's case file." In that regard, the victim does not have the right to the release of any and all information contained in the prosecutor's case file. The prosecutor's case file is not filed with the clerk of court's office and, therefore, it is not a public record, nor available to disclosure to the victim and/or public.
There is one document typically contained in the prosecutor's case file, however, which may be open to disclosure to the victim. This is the police report. Typically, police reports regarding delinquency have been held confidential from disclosure to the victim and the public. Yet, in adult proceedings, the victim, or the public for that matter, can receive a copy of any relevant police reports by simply requesting one from the police department.
It may be argued that since the victim of juvenile crime is to receive the same access as a victim of an adult criminal act, the victim in juvenile court should be able to request and receive a copy of the police report from the prosecutor. SeeCollins v. Carbee, Superior Court, judicial district of New London at New London, Docket No. 529623 (June 28, 1995) (Hurley, J.) (15 CONN. L. RPTR. 66) (granting a motion to release a police report, under a previous version of General Statutes §46b-124 (e), given that the victim had demonstrated a compelling need for the information in that it was not available by any other means). In the court's discretion, a police report, or any other CT Page 4469 document, may be released pursuant to General Statutes §46b-124 (d) if the victim demonstrates a legitimate interest in the information. Otherwise, a victim would only be able to get a copy of the police report, or other document, if it is entered into evidence as an exhibit, thereby becoming a part of the record open to inspection and copying by the victim.
A victim may make the argument that it should have access to all juvenile records given that subsection (e) grants it access to the "record of the case," and that General Statutes §46b-124 (b) seems to define the "record of the case" as "including court records, records of law enforcement agencies including fingerprints, photographs and physical descriptions, and medical, psychological, psychiatric and social welfare studies and reports by probation officers, public or private institutions, social agencies and clinics." General Statutes § 46b-124 (c) provides for the sharing of all such information between and among various government officials and agencies involved with delinquent children. However, disclosures to victims pursuant to subsection (e) are limited to the extent that they would be made in adult court. As discussed above, disclosure in adult court would not necessarily consist of all the types of records listed in subsection (b) unless they had been made part of the record on file in the clerk's office which is open to the public. As such, all of the information listed in subsection (b) is available for disclosure between and among governmental officials and agencies involved with the delinquent child, but is not automatically available for disclosure to the victim, unless it has been made a part of the court record on file at the clerk's office.[5]
If any documents are released to a victim, the court should be certain that they do not contain any privileged material. Pursuant to statute in Connecticut, certain communications are privileged from disclosure absent consent to disclose, or an exception permitting disclosure. See General Statutes §52-146b (privileged communications made to clergymen by penitent); General Statutes § 52-146c (privileged communications between psychologist and patient); General Statutes § 52-146d through § 52-146f, et seq. (privileged communications between psychiatrist and patient); General Statutes § 52-146k
(privileged communications between battered women's or sexual assault counselor and victim); General Statutes § 52-146o
(privileged communications between physician, surgeon or health care provider and patient); General Statutes § 52-146p
(privileged communications between marital and family therapist CT Page 4470 and person consulting such therapist); General Statutes §52-146q (confidential communications between social worker and person consulting social worker). Victims of crime, whether in adult or juvenile court, may not receive privileged documents unless consent to disclose is given, or an exception applies to the rule granting privileged status.
The victim of a delinquent act has the right to be notified of and receive information regarding the procedural posture of the case as it proceeds through the juvenile system. Additionally, the victim has access to the "record' of the case on file with the clerk of court's office, and can make copies of its contents. More specifically, the victim will have access to the delinquent's name and address, and may have access to the names and addresses of the juvenile's parents. However, the victim does not have a right to the release of any and all information contained in the prosecutor's case file, except perhaps for the police report or for any other document in which the victim has shown a legitimate interest. Therefore, privileged material contained in documents set to be released to a victim must be deleted from the documents prior to such disclosure, unless there is consent to the disclosure or an applicable exception permitting disclosure.
II. Use of Released Juvenile Records in a Civil Action for Damages
General Statutes § 46b-124 (e) provides, in pertinent part, that "[s]uch records disclosed pursuant to this subsection shall not be further disclosed." Although the court may order documents from juvenile records to be released, the victim may not disclose any information contained in the records to anyone else. Therefore, a victim is not permitted to use the actual records or documents released by the juvenile court in a civil action for damages. However, the victim may use the information contained in released documents to uncover evidence which is admissible in the civil case.
CONCLUSION
AHIG has the right to be notified of and receive information regarding the procedural posture of the case as it proceeds through the juvenile system. Additionally, AHIG has access to the "record" of the case on file with the clerk of court's office, and can make copies of its contents. More specifically, AHIG will have access to names and addresses of N. and B., and may have CT Page 4471 access to the names and addresses of the parents of N. and B. However, AHIG does not have a right to the release of any and all information contained in the prosecutor's case file, except perhaps for the police report or any other document in which AHIG has shown a legitimate interest. In any event, privileged material in documents set to be released to AHIG must be deleted from the documents prior to such disclosure, unless there is consent to the disclosure or an applicable exception permitting disclosure. Finally, any documents released to AHIG shall not be used by AHIG in a civil action for damages. However, AHIG may use the information contained in released documents to uncover evidence which is admissible in the civil case.
RESHA, J.